UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Hapana Crow,                                      Civil No. 11-CV-858 (PJS/FLN)

          Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

Lori Swanson,

          Respondent.

_____

Keith Hapana Crow, *pro se*.
Kimberly Ross Parker, Assistant Attorney General, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Doc. No. 1). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that the petition be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Petitioner Keith Crow was convicted of aiding and abetting first-degree felony murder in the course of a kidnapping. *State v. Crow*, 730 N.W.2d 272, 272 (Minn. 2007). Crow was transferred to the Connecticut Department of Corrections in February 2007 while he appealed his criminal conviction. Doc No. 11 at 1. According to Crow, his property, legal transcripts, and legal papers were lost during this transfer. *Id.* The Minnesota Supreme Court affirmed Crow's conviction in an opinion dated April 19, 2007. *Crow*, 730 N.W.2d at 272. Final judgment was entered on June 14, 2007. *See* Judgment - Non-costs, *State v. Crow*, No. A060229 (Jun. 14, 2007). Crow did not seek

certiorari review in the United States Supreme Court.

On April 11, 2008, Crow filed a § 2254 petition in this Court. *See* Doc No. 1 for Case No. 08-CV-1039. The petition was denied because it contained at least one unexhausted claim. *See* Doc. No. 9 for Case No. 08-CV-1039; *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a federal district court must dismiss a state prisoner's habeas corpus action containing both unexhausted and exhausted claims). In response to Crow's concerns regarding his lack of legal knowledge and his inability to pursue state post-conviction relief without the proper forms, the Court walked Crow through the Minnesota statutes governing post-conviction relief. *See* Doc. No. 9 for Case No. 08-CV-1039.

Crow filed his first state post-conviction relief petition on July 14, 2008. *Id.* at 2. This petition was denied on September 25, 2008. *Id.* Crow then filed a motion for reconsideration on November 3, 2008, which was denied on November 21, 2008. *Id.* Crow filed a second motion for reconsideration on January 6, 2009, which was denied on March 23, 2009. *Id.* On March 31, 2011, Crow filed this § 2254 petition. *See* Doc. No. 1 at 6.

## II.   ANALYSIS

Respondent moves to dismiss Crow's petition as time-barred under 28 U.S.C. § 2244(d). 28 U.S.C. § 2244(d)(1) states that a "[one] year period of limitation shall apply to an application for a writ of habeas corpus" by a person in State custody beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Crow's judgment became final upon the expiration of the ninety-day deadline for seeking certiorari review of the Minnesota Supreme Court's decision in the United States Supreme Court. *See Riddle v. Kemma,* 523 F.3d 850, 855-56 (8th Cir. 2008) (en banc). *State v. Crow*, 730 N.W.2d

272 (Minn. 2007) was decided on April 19, 2007. A petition for a writ of certiorari must be filed "within 90 days after entry of the [state court] judgment." Sup. Ct. R. 13.1. The Clerk of Appellate Courts entered final judgment in *State v. Crow* on June 14, 2007. *See* Judgment - Non-costs, *State v. Crow*, No. A060229 (Jun. 14, 2007). Consequently, the deadline for certiorari review was September 12, 2007. Crow did not file a writ of certiorari with the United States Supreme Court. Therefore, the statute of limitations on Crow's federal habeas claims began to run on September 12, 2007. Unless a tolling provision applies, the statute of limitations on Crow's federal habeas claims expired on September 12, 2008.

The time during which a properly filed application for state post-conviction relief is pending in state court does not count toward the one-year statute of limitations applicable to a petitioner's federal habeas claims. 28 U.S.C. § 2244(d)(2). Thus, for the purposes of this case, the habeas clock stopped when Crow filed his state post-conviction relief petition on July 14, 2008. That left Crow with sixty-one days to file his federal habeas claims. The habeas clock started again on September 25, 2008 when Crow's state post-conviction relief petition was denied. Crow stopped the clock by filing his motion for reconsideration on November 3, 2008. This motion was denied on November 21, 2008, leaving Crow with twenty-two days to file his habeas claims. Crow did not file his next motion for reconsideration until January 6, 2009. Therefore, his federal habeas claims expired on December 13, 2008.

Crow contends that the statute of limitations should be tolled under 28 U.S.C. § 2244(d)(1)(B) because the Minnesota Department of Corrections transferred Crow to Connecticut and lost his property, thereby creating an "impediment" that prevented him from pursuing his state post-conviction relief. The tolling provision requires an "impediment to filing an application by

State action *in violation of the Constitution or laws of the United States*." 28 U.S.C. § 2244(d)(1)(B) (emphasis added).  Crow has not shown that his transfer to Connecticut, or the loss of his property, was in violation of the United States Constitution or federal law.  Even assuming for the sake of argument that these acts constituted such an impediment, they did not prevent him from filing for state post-conviction relief.  The Court, in denying Crow's previous habeas petition, told him he had about six weeks left on his federal habeas claims.  Because the Court was unaware as to whether there were any forms available for such a petition, it instructed Crow on how to draft his own petition and walked him through the statutory requirements for drafting and filing such a petition.  *See* Doc. No. 9 for Case No. 08-CV-1039.  Crow was therefore capable of filing such a petition while in Connecticut without his property.

Crow next contends that the statute of limitations should be equitably tolled in this case for the same reason, namely that Minnesota Department of Corrections caused him to lose his property, his legal transcripts, and legal papers by transferring him to Connecticut in February 2007.  *See* Doc. No. 11 at 4.  Alternatively, Crow argues that the Court should equitably toll the statute of limitations because he has diligently pursued his post-conviction relief.  *See id.*

"Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 367 F.3d 803, 805 (8th Cir. 2001).  The Court finds that equitable tolling is not warranted in this case because it was not impossible for Crow to file his state post-conviction relief petition.  Again, the Court told Crow how to draft and file such a petition.  Furthermore, the Eighth Circuit Court of Appeals has made clear that the circumstances described by Crow do not warrant equitable tolling.  *See Kreutzer*

*v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling not warranted even in the case of an "unrepresented prisoner alleging a lack of legal knowledge or legal resources"); *Jihad*, 367 F.3d at 806 (holding that a petitioner's diligent search for counsel and diligent inquiries as to how to commence a state post-conviction proceeding did not warrant equitable tolling).

Consequently, the Court finds that Crow's federal habeas claims are time-barred.

### III.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254 (Doc. No. 1) be **DISMISSED WITH PREJUDICE**.

DATED: October 18, 2011                              *s/ Franklin L. Noel*
                                                                          FRANKLIN L. NOEL
                                                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 1, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.