UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH HAPANA CROW, | Case No. 11-CV-0858 (PJS/FLN) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| LORI SWANSON, | |
| Respondent. | |

Keith Hapana Crow, petitioner pro se.

Kimberly R. Parker and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Keith Hapana Crow was convicted and sentenced in Minnesota state court for aiding and abetting first-degree murder in the course of a kidnaping. This matter is before the Court on Crow's motion for appointment of counsel and his objection to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R"). Judge Noel recommends that Crow's petition for habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice because it is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Docket No. 13. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Crow's objection and adopts the R&R. The Court also denies Crow's motion for appointment of counsel.

Only three matters merit discussion:

*First*, Crow argues that the one-year statute of limitations should be tolled under § 2244(d)(1)(B). (Crow does not dispute that, if the one-year statute of limitations is not tolled,

his petition for post-conviction relief is untimely.)  Section 2244(d)(1)(B) provides that the limitations period does not begin to run until "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . . ."  In other words, to toll the statute of limitations under § 2244(d)(1)(B), an action of a state must both (1) violate the United States Constitution or a federal law and (2) create an impediment to the filing of a timely habeas petition.  The Eighth Circuit has held that "whatever constitutes an impediment must prevent a prisoner from filing his petition."  *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009) (internal quotation omitted).

    Crow appears to allege two impediments:  First, Crow complains that, while detained in Connecticut, he did not have access to a law library that included Minnesota state materials.  Second, Crow complains that the Minnesota Department of Corrections lost his legal papers when it transferred him from a Minnesota prison to a Connecticut prison in February 2007.

    Judge Noel notes that Crow has not shown that either of these alleged actions violated the Constitution or a federal statute.  Judge Noel appears to be correct.  But even if Judge Noel were not correct — even if these alleged acts did deprive Crow of his "constitutional right of access to the courts," *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) — Crow is nevertheless not entitled to relief because these alleged acts were not "impediments" to Crow's timely filing of a habeas petition.  Crow in fact *filed* a timely habeas petition on April 11, 2008 — despite not having access to a Minnesota law library or his legal papers.[1]  Obviously, then, the alleged

---

[1] This Court denied Crow's petition because it contained at least one unexhausted claim and, in the process, warned Crow that he had six weeks left to file a petition for state post-conviction relief before his federal claims became time-barred.  *See* Order May 30, 2008 [Docket No. 9 for Case No. 08-CV-1039].  Recognizing that Crow might not have access to Minnesota

(continued...)

impediments identified by Crow did not "prevent [Crow] from filing his petition," *Earl*, 556 F.3d at 726, and thus the one-year statute of limitations was not tolled under § 2244(d)(1)(B).

*Second*, Crow objects to the R&R on the grounds that Judge Noel failed to consider his claim of actual innocence. Crow appears to argue that any actual-innocence claim should equitably toll the limitations period. That argument has been rejected by the Eighth Circuit. *See Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002) (holding that a claim of actual innocence is not sufficient to equitably toll the statute of limitations). Although the Eighth Circuit has not held that a claim of actual innocence can never toll the limitations period, the Eighth Circuit has emphasized that, at a minimum, a petitioner who is seeking to toll the limitations period because of actual innocence must establish that the government "prevented him from discovering the relevant facts in a timely fashion" or that "a reasonably diligent petitioner could not have discovered these facts in time to file a [timely] petition . . . ." *Id.* at 978. In this case, Crow has not shown that the government prevented him from discovering facts that establish his innocence — or that a reasonably diligent petitioner could not have discovered such facts — within the one-year limitations period.[2]

---

[1](...continued)
legal materials, the Court went further and explained to Crow how to file a petition for post-conviction relief in state court, quoting at length from Minn. Stat. §§ 590.01 and 590.02. *Id.*

[2]Equitable tolling is also not appropriate simply because the authorities lost Crow's legal papers. "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (internal citation omitted). As the Court has already explained, Crow filed a timely habeas petition, and thus filing such a petition was obviously not "impossible." Nor was Crow "lulled into inaction" by the state. Not only did the state do nothing to "lull" Crow, this Court explicitly warned him that he had six weeks left to exhaust his state post-conviction claims and file a new
(continued...)

*Third*, Crow does not have a constitutional or statutory right to counsel in habeas proceedings. *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)); *see also* 18 U.S.C. § 3006A(a)(2)(B) (providing that a court *may* appoint counsel in a habeas proceeding if "the interests of justice so require"). Among the factors that the Court must consider in deciding whether to appoint counsel are (1) whether petitioner has made "non-frivolous arguments"; (2) whether petitioner will "substantially benefit from the appointment of counsel"; and (3) whether the factual and legal issues are complex. *See Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996); *see also Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). It is difficult to see how Crow would "substantially benefit" from the appointment of counsel in this case. It is not factual or legal complexity that stands in the way of Crow's petition, but rather the one-year statute of limitations under § 2244(d). Because Crow would not substantially benefit from the appointment of counsel, and because the factual and legal issues regarding the timeliness of his habeas petition are not complex, the Court declines to appoint counsel to represent Crow.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [Docket No. 13]. IT IS HEREBY ORDERED that:

1. Petitioner Keith Hapana Crow's 28 U.S.C. § 2254 petition for writ of habeas corpus [Docket No. 1] is DISMISSED WITH PREJUDICE.

2. Respondent Lori Swanson's motion to dismiss [Docket No. 4] is GRANTED.

---

[2](...continued)
petition for federal habeas relief.

3.  Crow's motion for appointment of counsel [Docket No. 16] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 28, 2011                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge